# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTICT OF ALABAMA NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **TINIA YOUNG,** § § **Plaintiff,** § § v. § § **PUBLIX SUPER MARKETS, INC., ET AL.,** § § **Defendants.** § § § | | **CIVIL ACTION NO.:** _____ |

## NOTICE OF REMOVAL

Defendant, Publix Super Markets, Inc. ("Publix"), hereby gives Notice of the Removal of the above-captioned action, filed in the Circuit Court of Madison County, Alabama, as Civil Action No.: CV-2020-901078, to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. In support of this Removal, which is based upon this Court's diversity jurisdiction, Publix states as follows:

1. This action was commenced by Plaintiff with the filing of her Complaint in the Circuit Court of Madison County, Alabama, in which she alleged that on or about February 21, 2020, employees of the Defendant, Publix Super Markets, Inc., at the Publix grocery store located at 6707 Highway 431 S, Owens Cross Roads, Alabama 35763 were negligent and/or wanton in failing to use reasonable care to provide a reasonably safe environment for business invitees at the store. (**Exhibit A**, Plaintiff's Complaint, ¶¶ 3, 5-8). The Plaintiff claims that as a result of the negligence and/or wantonness of Publix's

employees, she suffered "severe and permanent injuries to her shoulder and knee." (**Exh. A**, ¶ 5). The Plaintiffs seeks general compensatory and punitive damages. (**Exh. A**, p. 4).

2.  Within her Complaint, however, the Plaintiff did not specify (1) the <u>nature</u> of the injuries to her shoulder and knee, (2) the <u>nature</u> of the medical treatment rendered to her for those injuries, or (3) the specific amount she was seeking to recover in damages. (*See* **Exh. A**, generally).

3.  Service of the Summons and Complaint was perfected upon Publix's registered agent on August 6, 2020. (**Exhibit B**, Service of Process Notice).

4.  Publix filed its Answer to the Plaintiff's Complaint on August 31, 2020, wherein it denied those allegations and claims asserted by the Plaintiff. (**Exhibit C**, Publix's Answer to Plaintiff's Complaint).

5.  As alleged in her Complaint, the Plaintiff is an adult resident of and is domiciled in Madison County, Alabama. (**Exh. A**, ¶ 1).

4.  Publix Super Markets, Inc. is a foreign corporation, incorporated in the State of Florida, with its principal place of business located at 330 Publix Corporate Parkway, Lakeland, Florida 33811. (**Exh. A**, ¶ 2; **Exh. B; Exh. C**, ¶ 2).

5.  On or about August 31, 2020, Publix served upon the Plaintiff its First Interrogatories and Requests for Production, wherein it requested that the Plaintiff provide detailed and comprehensive information concerning and documentation of her claimed injuries, medical treatment, and damages. (**Exhibit D**, Publix's First Interrogatories and Requests for Production to Plaintiff, pp. 9-11, ¶¶ 22-34; pp. 18-19, ¶¶ 14-18, 24).

6. On or about November 14, 2020, the Plaintiff served upon Publix her Responses to Publix's discovery requests. (**Exhibit E**, Plaintiff's Responses to Publix's First Interrogatories and Requests for Production). Within these Responses, she confirmed for the first time that she had suffered injury to her right arm and shoulder, left knee, <u>and left foot</u> and that she had undergone a surgical procedure to repair all or a part of these injuries. (**Exh. E**, p. 6, ¶ 22; p. 8, ¶ 34). She further stated in her Responses that she was claiming lost wages due to being out-of-work from a period of more than a month after the incident and that she was present out-of-work following a surgical procedure. (**Exh. E**, p. 8, ¶ 34).

7. In Response to Publix's Requests for Production, the Plaintiff also produced medical treatment and billing records associated with treatment she received for injuries she claims related to this incident. (**Exhibit F**, Pertinent Portions of Plaintiff's Medical Treatment and Billing Records[1]). These records confirmed that the Plaintiff was found to have a proximal humerus fracture in her right arm and that after receiving conservative treatment, she ultimately underwent a reverse total shoulder arthroplasty on June 8, 2020. (**Exh. F**, pp. 1-6). The Plaintiff also underwent another procedure – a manipulation of her right shoulder under anesthesia, on September 28, 2020. (**Exh. F**, p. 7).

---

[1] Exhibit F, which consists of the Plaintiff's medical treatment and billing records, has been carefully redacted so as to removed personally identifiable information and to provide the Court with only the information necessary to evaluate the amount in controversy requirement under 28 U.S.C. § 1332(b).

8. Those medical billing records indicate that she incurred medical expenses totaling $139,356.02 associated with treatment she received for injuries she claims related to this incident. (**Exh. F**, pp. 8-47).

9. This Removal is timely filed within thirty (30) days of the date Publix received a copy of "other paper" (i.e., Plaintiff's discovery responses) from which Publix was first able to ascertain that the case was one that had become removable. *See* 28 U.S.C. § 1446(b)(3); § 1446(c)(3)(A)("If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record … , *or in responses to discovery*, shall be treated as an 'other paper'").

10. The United States District Court for the Northern District of Alabama, Northeastern Division, is the court and division embracing the place wherein such action is pending in State Court: Madison County, Alabama. (**Exh. A**).

11. On this date, a Notice of Filing of Notice of Removal, accompanied by a copy of this Notice of Removal, will be filed in the Circuit Court of Madison County, Alabama, in accordance with 28 U.S.C. § 1446(d).

12. This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## DIVERSITY JURISDICTION

### Diversity of Citizenship

13. Federal diversity jurisdiction exists over this action pursuant to 28 U.S.C. § 1332, because the Defendant is diverse from Plaintiff and the amount in controversy exceeds $75,000.00.

14. In the Complaint, Plaintiff identified herself as an individual resident of, and therefore, domiciled within, Madison County, Alabama. (**Exh. A**, ¶ 1)

15. At all times material hereto, Defendant Publix has been a foreign corporation, incorporated in the State of Florida, with its principal place of business located in Lakeland, Florida. (**Exh.** A, ¶ 2; **Exh. B**; **Exh. C**, ¶ 2).

16. Based upon the foregoing, we have an Alabama resident, domiciled within the State of Alabama, bringing an action against a Florida corporation, whose principal place of business is located in Lakeland, Florida, and there is complete diversity of citizenship between the Plaintiff and the Defendant. 28 U.S.C. § 1332(a)(1).

### Amount in Controversy

17. In the case at bar, the Plaintiff's complaint does not demand a specific amount. (*See* **Exh. A**, generally). Removal of a state court case, in which the complaint does not specify the amount of damages sought, on the basis of diversity jurisdiction is proper if it is "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional threshold. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001). The Court must look to the notice of removal and any evidence submitted by the parties in order to determine if the amount in controversy exceeds the jurisdictional

requirement. *See, e.g.*, *Moore v. CNA Found.*, 472 F. Supp. 2d 1327, 1331- 32 (M.D. Ala. 2007).

18.     When the amount in controversy is not facially apparent, the removing defendant has the burden of proving by a "preponderance of the evidence" that the amount of controversy more likely than not exceeds the $75,000.00 jurisdictional threshold.  28 U.S.C § 1446(c)(2)(B); *see also Tapscott*, 77 F.3d at 1357, abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *see also Flowers v. Priority Healthcare Pharm., Inc.*, 2007 U.S. Dist. LEXIS 34688 (S.D. Ala. 2007) (applying the *Tapscott* standard). Mere conclusory allegations in the notice of removal that the jurisdictional requirement is satisfied, unsupported by the underlying facts, do not discharge the defendant's burden of proof.  *Williams*, 269 F.3d at 1319-20; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).

19.     In determining whether the defendant seeking removal based on diversity jurisdiction has met her burden to establish the amount in controversy, the court may consider a number of factors, including the plaintiff's injuries, amounts awarded in similar cases, expenses incurred to date, and settlement demands to make a judicial valuation of what a jury would award the plaintiff assuming the plaintiff prevails.  *See Scaralto v. Ferrell*, 826 F. Supp. 2d 960 (S.D.W. Va. 2011).

20.     Plaintiff has filed this lawsuit, seeking to recover various damages, including hospital and other medical expenses (including past expenses relating to a surgery and future expenses), physical pain, mental anguish, loss of income, permanent injury, and punitive damages, all of which were allegedly sustained as a result of the negligence and/or

wantonness of Defendant Publix and/or its employees. (*See* **Ex. A**, ¶¶ 5-14, 18). The evidence, contained within those materials produced by the Plaintiff in response to Publix's Interrogatories and Requests for Production, establishes that the Plaintiff is claiming a proximal fracture to her right humerus, which resulted in her undergoing two separate surgical procedures, and damages associated with her treatment for that proximal humerus fracture, as well as other injuries to her left knee and left foot. (**Exh. E; Exh. F**, pp. 1-8). She is seeking recovery of – amongst other claims for lost wages, lost future earnings, permanent injury, and punitive damages – $139,356.02 in medical expenses she claims to have incurred as a result of this incident. (**Exh.** F, pp. 8-47). Publix contends that this evidence firmly establishes that the amount of controversy exceeds the $75,000.00 jurisdictional threshold.

  **a. Nature of Injuries and Claimed Damages**

  21. The Plaintiff, in her Responses to Publix's discovery requests, has identified for Publix the injuries she claims to have suffered as a result of this incident on February 20, 2020, the medical treatment she has received in relation to her injuries, and the extent of the medical expenses associated with that treatment. (**Exh. E; Exh. F**). The Plaintiff confirmed that she has incurred $139,356.02 in medical expenses associated with her treatment from February 21, 2020 to the present. (**Exh. F**, pp. 8-47). She has already undergone two separate surgical procedures to repair her injuries: (1) a reverse total shoulder arthroplasty on June 8, 2020 and a right shoulder manipulation under anesthesia on September 28, 2020. (**Exh. F**, pp. 1-8). It appears that she is also claiming that she has required or will require a left knee replacement as a result of injuries sustained in this

7

incident. (**Exh. E**, p. 6, ¶ 22). She also claims that she has suffered past lost wages associated with her injuries and that she will also suffer lost future earnings as a result. (**Exh. A**, ¶ 18; **Exh. E**, p. 8, ¶ 34). It is reasonable to assume, given the Plaintiff's allegations, that she will claim additional medical expenses that have been or will be incurred in association with follow-up observation and treatment. (*See* **Exh. A**, ¶ 18; **Exh. E**).

22. In addition to her claims for recovery of medical expenses, the Plaintiff is seeking to recover significant sums for "past and future physical pain and mental anguish." (**Exh. A**, p. 4, ¶ 18). Though there is no set formula for determining these types of non-economic damages, there is potential for significant awards in cases such as this.

23. The Plaintiff is also asserting a claim for wantonness and seeking to recover punitive damages in relation to that claim. In determining the jurisdictional amount in controversy in diversity cases, "punitive damages must be considered … unless it is apparent to a legal certainty that such cannot be recovered." *Blackwell v. Great American Financial Resources, Inc.*, 620 F. Supp. 2d 1289, 1290 (N.D. Ala. 2009)(quoting *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

24. Taking into account the nature of the Plaintiff's claimed injuries and treatment (including two surgical procedures), the medical expenses already incurred by her ($139,356.02), the likelihood of her incurring additional medical expenses in relation to follow-up observation, testing, and treatment, the potential for a significant award associated with her claims for "physical pain and mental anguish" and lost wages/future earnings, and the potential for a punitive damages award, there is a clear basis in support

of Publix's position that it has discharged its burden of proof in relation to the amount in controversy requirement.

25.  Based upon the foregoing, there is complete diversity of citizenship and the preponderance of the evidence establishes that the amount in controversy exceeds $75,000.00.  This Court has diversity jurisdiction over this matter in accordance with 28 U.S.C. § 1332, and this action is properly removable pursuant to 28 U.S.C. § 1441(a), § 1446(b)(3); and § 1446(c)(3)(A).

## NOTICE

26.  Concurrently with the filing of this Notice of Removal, the removing Defendant shall cause to be filed a copy of this Notice of Removal with the Clerk of the Circuit Court of Madison County, Alabama; and copies of this Notice of Removal will be provided to Plaintiff pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

 /s/ Travis I. Keith
Travis I. Keith (ASB-1942-S75K)
Attorney for Defendant,
Publix Super Markets, Inc.

**OF COUNSEL:**
**GAINES GAULT HENDRIX, P.C.**
361 Summit Blvd., Ste. 200
Birmingham, Alabama 35243
(205) 402-4800
tkeith@ggh-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served via electronic mail, CM/ECF and/or U.S. Mail, postage prepaid, upon the following counsel of record:

Muhammad I. Abdullah
WETTERMARK & KEITH, LLC
3595 Grandview Parkway, Suite 350
Birmingham, Alabama 35243
Telephone: (205) 212-3342
Email: mabdullah@wkfirm.com

This the 8th day of December 2020.

                                            /s/ Travis I. Keith
                                            OF COUNSEL