# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **TINIA YOUNG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **5:20-cv-01972-AKK** |
| **PUBLIX SUPER MARKETS INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION

Tinia Young brings this slip-and-fall action against Publix Super Markets Inc., alleging that she slipped on a sticky substance and fell while shopping at a Publix store in Madison County, Alabama.  Young claims that the injuries she sustained during this fall were caused by Publix's negligent and wanton failure to use reasonable care in providing her with a safe environment.  *Id*.  Publix now moves for summary judgment, arguing that Young has failed to present sufficient evidence that Publix violated its duty of care.  Doc. 12.  Publix's motion is due to be granted.

## I.

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  A genuine dispute of material fact exists if a "reasonable

jury could return a verdict for the nonmoving party" under the governing law. *Bowen v. Manheim Remarketing, Inc.*, 882 F.3d 1358, 1362 (11th Cir. 2018) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Because the court must construe the evidence in the light most favorable to the nonmoving party, summary judgment is only appropriate "if a case is so one-sided that [the movant] must prevail as a matter of law."  *Id.* (citing *Anderson*, 477 U.S. at 251-52).  However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (citing *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989)).

## II.

The incident at issue in this litigation occurred when Young visited Publix to fill a prescription.  Doc. 14 at 3.  While she waited, Young walked around the store and entered the health and beauty aisle.  *Id.*  According to Young, she immediately felt her feet slip on a substance on the floor.  *Id.*  Young testified that both her feet began to slide on this "water and sticky substance" and then hit a dry spot on the floor, causing her to fall.  *Id.* at 3-4.

Publix's security footage of this incident reveals a slightly different story. Young entered the aisle and took eleven steps without slipping.  Doc. 14-2, Store Camera Video 1, Camera 4 ("Cam. 4") at 14:23:16-30.  Then, about one-third of the way down the aisle, Young appears to catch her right foot on her left heel, causing

her to stumble and fall. *Id*. Several bystanders and at least three Publix employees came to Young's aid, and paramedics soon arrived and wheeled Young out of the aisle on a stretcher. *Id*. at 14:23:30-14:38:16.

Young then filed this suit in Alabama state court, which Publix removed to this court, alleging that "[a]ll of her injuries and damages were caused by the negligent and/or wanton failure of [Publix] to use reasonable care to provide her with a reasonably safe environment." Doc. 1-1 at 3. Publix has now moved for summary judgment. Doc. 12.

## III.

Businesses owe a duty of care to their customers to "provide and maintain a reasonably safe premises." *Denmark v. Mercantile Stores Co., Inc.*, 844 So. 2d 1189, 1192 (Ala. 2002) (quoting *Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990)). "[T]he storekeeper is not an insurer of the customer's safety," however, and a business is only liable for a customer's injury if it "negligently fails to use reasonable care in maintaining [its] premises in a reasonably safe condition." *Maddox*, 565 So. 2d at 16 (internal quotations omitted). To show that a business acted negligently, a plaintiff must prove: "(1) that the substance slipped upon had been on the floor a sufficient length of time to impute constructive notice to [the business]; or (2) that [the business] had actual notice that the substance was on the floor; or (3) that [the business] was delinquent in not discovering and removing the

substance." *Dunklin v. Winn-Dixie of Montgomery, Inc.*, 595 So. 2d 463, 464 (Ala. 1992) (internal citation omitted).  To maintain a claim for wantonness, a plaintiff must show that the storekeeper acted, or failed to act, "while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Wal-Mart Stores, Inc. v. Thompson*, 726 So. 2d 651, 654 (Ala. 1998) (internal quotations omitted).

Publix argues that Young has failed to present sufficient evidence to establish negligence, and that she has thus also failed to state a claim for wantonness. *See* doc. 12 at 19-30.  The court agrees.

## A.

To prevail on her negligence claim, Young must show that Publix had actual or constructive notice of the substance that caused her fall or that it was delinquent in not discovering and removing the substance. *Dunklin*, 595 So. 2d at 464.  Young failed to make these showings.

## 1.

Publix first argues that Young "cannot present evidence demonstrating that Publix had actual notice of a hazard or dangerous condition on the floor."  Doc. 12 at 19.  For her part, Young claims in her brief that Publix's security camera footage shows a Publix associate coming down the aisle with a two-handled dust mop on two different occasions – once at 1:52pm and once at 2:10pm – and that during the

4

second sweep, the mop "can clearly be seen running over water that was sticky" and getting "snagged," causing the associate to drop one of the mop's handles "as he approached the area" where Young says she began to slip.  Doc. 14 at 14-15 (citing security camera footage).  This dropping of the mop's handle, Young argues, shows Publix's actual knowledge of a hazard and establishes its negligence in failing to properly clean the alleged substance.  *Id*.

Young's version of events, however, mischaracterizes the evidence.[1]  The security camera footage shows instead a store associate passing through the aisle only once with a dust mop, at 1:52pm, and then returning back down the aisle with a wet mop and a spray bottle at 2:10pm.  Cam. 4 at 13:52:00-14:10:59.  During his first pass, the associate dropped one handle of the mop as he turned around at the end of the aisle.  *Id*.  He quickly picked this handle back up and continued sweeping the rest of the aisle.  *Id*.  On his second trip through the aisle, the associate scanned the aisle for hazards and walked directly over the spot where he dropped the dust

---

[1] This mischaracterization, along with many others, forms the basis for Publix's motion to strike portions of the Young's response, doc. 17.  This motion is due to be denied.  As Publix notes, "in cases where a video in evidence obviously contradicts the nonmovant's version of the facts, [the court must] accept the video's depiction instead of the nonmovant's account . . . and view the facts in the light depicted by the videotape."  *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018) (internal citations omitted).  Indeed, Young implicitly acknowledges the video controls because she also cites to it to support her contentions, albeit by inaccurately describing its content.  Because the court is capable of discerning these inaccuracies, however, it need not resort to the "drastic remedy" of granting a motion to strike.  *Rotor Blade, LLC v. Signature Util. Servs., LLC*, No. 2:21-CV-00190-AKK, 2021 WL 3930058, at *1 (N.D. Ala. May 11, 2021) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)).

mop's handle.  *Id*.  The video contains absolutely no support for Young's claim in her brief that the dust mop was "caught" or "snagged" on any substance, and it certainly does not show the mop "clearly . . . running over water that was sticky." *Id*.; doc. 14 at 14-16.  Moreover, even assuming a sticky substance caused the mop to snag at the end of the aisle, Young fell after walking at least eight steps past the location of the alleged substance.  Cam. 4 at 14:23:16-30; *see also* doc. 18 at 4-6.  In short, the video evidence contradicts Young's contention that the dropped mop handle placed Publix on notice of the alleged hazard that caused her fall, and she provides no other evidence to show that Publix had actual knowledge of any substance on the floor.  A reasonable jury therefore could not find that Publix was negligent due to actual notice of the alleged hazard.

## 2.

Young has also failed to show constructive notice.  In a slip-and-fall case, constructive knowledge is imputed to a business if a hazard "existed on the premises for such a length of time that a reasonably prudent storekeeper would have discovered and removed it."  *Hale v. Kroger Ltd. P'ship I*, 28 So. 3d 772, 779 (Ala. Civ. App. 2009) (citing *S. H. Kress & Company v. Thompson*, 103 So. 2d 171, 174 (Ala. 1957)).  Circumstantial evidence about the nature and condition of a substance may be enough to impute constructive notice, such as where "the substance is dirty, crumpled, mashed, or has some other characteristic which makes it reasonable to

infer that the substance has been on the floor long enough to raise a duty on the defendant to discover and remove it." *Cash v. Winn-Dixie Montgomery, Inc.*, 418 So. 2d 874, 876 (Ala. 1982) (internal citation omitted).  Where there is no evidence that the substance "had been on the floor for any appreciable time," however, a plaintiff cannot establish constructive notice.  *Id.*

Young argues that the size of the alleged substance, which she says was "size enough for my shoes," doc. 14-1 at 42, supports the inference that the substance "had been on the floor for some time prior to [] Young's fall," and thus shows Publix's constructive knowledge, doc. 14 at 16-17.  But even accepting Young's contention as true, a puddle growing to the size of a shoe does not suggest that it was on the floor for "such an inordinate length of time as to impute constructive notice." *Cash*, 418 So. 2d at 876.  Indeed, the undisputed evidence is that Publix employees inspected the aisle twice in the forty minutes before Young's fall, and that numerous customers and Publix employees walked through the aisle during this same period, with no one seeming to notice any spill or other substance on the floor.  *See* cam. 4 at 13:52:00-14:23:16.  This evidence suggests that the alleged substance did not appear until right before Young fell, and Young points to no evidence about its nature or condition that would lead to a reasonable inference that it was on the floor for any longer than a few moments.  Therefore, even construing the facts in a light most favorable to Young, she has not presented sufficient evidence for a reasonable

jury to find that Publix had constructive notice of any hazard.  *See Cash*, 418 So. 2d at 876.

**3.**

Young has also failed to establish that Publix acted delinquently in failing to discover and remove the alleged substance.  Doc. 12 at 31-33.  To show delinquency, a plaintiff must do more than simply contend that "a proper inspection of the floor was bound to reveal the existence of the foreign substance."  *Tucker v. Wal-Mart Stores, Inc.*, 89 So. 3d 795, 801 (Ala. Civ. App. 2012) (citing *S.H. Kress*, 103 So. 2d at 175).  Instead, the plaintiff must show that the alleged substance "was on the floor for a sufficient period such that an adequate inspection would have discovered it."  *Id*.

Here, Young's brief relies on the mistaken premise that "during [the employee's] 2:10pm cleaning session of the aisle, [he] can clearly be seen running over water that was sticky substance (sic) that Young complained of."  Doc. 14 at 19.  Indeed, the brief continues, "[t]he video evidence show that not only did [the employee] discover the foreign substance was on the floor he chose not to put any additional work to clean that spoke (sic)."  *Id*. at 20.  As noted above, however, the undisputed video evidence belies this purported version of events, and Young has failed to adduce any other evidence suggesting that the alleged substance was on the

floor for any longer than a few moments right before her fall. Young has thus failed to show that Publix acted delinquently in maintaining its premises.

For all these reasons, Young has failed to prove Publix's negligence.

## B.

Under Alabama law, the shopkeeper's "knowledge of a dangerous condition, prior to the accident, is the most crucial element of wantonness." *Garrison v. Sam's E., Inc.*, 787 F. App'x 627, 630 (11th Cir. 2019) (citing *Christian v. Kenneth Chandler Const. Co.*, Inc., 658 So. 2d 408, 411 (Ala. 1995)). As discussed previously, Young has not shown that Publix had actual or constructive knowledge of the alleged substance prior to her fall, and she therefore cannot sustain a wantonness claim.

## IV.

Young's claims are supported only by "her own speculation about the cause of the fall, and speculation is insufficient to overcome a summary judgment motion." *Garrison*, 787 F. App'x at 630 (citing *Ex parte Harold L. Martin Distrib. Co., Inc.*, 769 So. 2d 313, 315 (Ala. 2000)). *See also Cordoba v. Dillard's Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("[U]nsupported speculation . . . does not meet a party's burden of producing some defense to a summary judgment motion."). Accordingly, based on the record before this court, summary judgment is due to be granted.

**DONE** the 21st day of January, 2022.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE